IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY LOVEJOY,<br>　　　Plaintiff | : | |
| | : | |
| 　　vs. | : | CIVIL NO. 1:CV-12-1037 |
| | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA (state), CITY OF<br>HARRISBURG, LOCAL<br>GOVERNMENT,<br>　　　Defendants | :<br>:<br>:<br>: | (Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Ricky Lovejoy, an inmate at SCI-Pittsburgh, filed this 42 U.S.C. § 1983 action alleging several violation of his constitutional rights arising from his arrest and 2002 state convictions on drug-trafficking charges and for using and possessing drug paraphernalia.  He names as defendants: (1) the Commonwealth of Pennsylvania; (2) the City of Harrisburg; (3) "local government officials"; and (4) "Dauphin County entities."

Plaintiff has also requested in forma pauperis status.  We will grant that request.  And because he is proceeding in forma pauperis, we will examine the complaint under 28 U.S.C. § 1915(e)(2)(B) for legal sufficiency before authorizing service.

II.  *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), the court must review a complaint filed in forma pauperis and dismiss it if it is frivolous or malicious, subsection (B)(i), fails to state

a claim on which relief may be granted, subsection (B)(ii), or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(iii).

In applying subsection (B)(ii), the screening requirement for failure to state a claim, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). We may also rely on matters of public record. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964–65, and a court "'is not bound to accept as true a legal

-2-

conclusion couched as a factual allegation.'" *Id.,* 127 S.Ct. at 1965 (quoted case omitted).

III. *Background*

Plaintiff filed his complaint on June 1, 2012, and alleges as follows. On or about December 21, 2001, Plaintiff accepted a ride to the movies from a neighbor. (Doc. 1, Compl. ¶¶ 9 and 15).[1] Plaintiff did not know the car had been stolen. (*Id.* ¶ 9). "Civilians" began firing at the car, resulting in a high-speed getaway. (*Id.* ¶ 10).

The police were unable to stop the car. Both the driver and Plaintiff ran away. (*Id.* ¶ 11). Plaintiff was apprehended, taken into custody, fingerprinted, identified, and checked for possible warrants. (*Id.* ¶ 12). The police told him the car had been stolen, that they had received a call about a shooting, and asked him why he had run. (*Id.* ¶ 13). Plaintiff responded that a series of shots had been fired which had hit the vehicle, causing him to fear for his life. (*Id.* ¶ 14).

Plaintiff was released but "thereafter" another police officer asked if he had been strip-searched. Plaintiff was then strip-searched, and drugs were found on him. (*Id.* ¶ 16). Police "forcefully demanded" that he sign an "incident" and "unlawfully detained" him by "a coerced confession and policeman excessive force." (*Id.* ¶ 17). Plaintiff was arrested on December 22, 2001. (*Id.*). The arrest and search were

---

[1] On June 11, 2012, Plaintiff filed an amended complaint. While an amended complaint normally takes the place of an original complaint, we read Plaintiff's amended complaint as merely intended as a supplement or clarification of the original complaint. Hence we will rely on the original complaint in setting forth this background.

-3-

"warrantless," and the search was "without probable cause." (*Id.* ¶ 19). The "Defendant" caused Plaintiff "actual injury . . . or was responsible for action that hindered Plaintiff's efforts to pursue legal claims." (*Id.* ¶ 22b). The "state officer acted in accordance with state policy or custom in violating Plaintiff's constitutional rights to be free from false arrest, false imprisonment, false charges, and illegal searches." (*Id.* ¶ 25).

As a result, a "'state'" proceeding was initiated December 19, 2002, [and] Plaintiff was convicted for possession w/ intent to deliver, and drug paraphernalia [and sentenced] to 5-15 years." (*Id.* ¶ 48). The "judge acted outside of his judicial capacity," and the "prosecutors acted outside the scope of their prosecutorial duties." (*Id.* ¶¶ 49 and 49b).

Plaintiff also claims a violation of substantive due process and equal protection, the latter based on "selective treatment." (*Id.* ¶ 84).

The municipal defendants, presumably Dauphin County and the City of Harrisburg, are alleged to be liable for the police officers' conduct based on policy and custom. The policy or custom is conclusionally averred to be based on: (1) inadequate training and inadequate training on detention without probable cause; (2) a failure to act after receiving notice of prior bad acts by police officers; and (3) the act of an official with final policymaking authority. The amended complaint adds two theories of supervisory responsibility: (1) gross negligence in the supervision of subordinates; and (2) failure to correct the wrong after receiving notice of the violation. (Doc. 6, Am. Compl. ¶ 10). Plaintiff seeks "relief from conviction," damages, and unspecified injunctive relief.

IV. *Discussion*

We begin with the Commonwealth of Pennsylvania. We will dismiss the suit as against the Commonwealth because the Eleventh Amendment confers upon the states immunity from suit for damages in federal court. *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194 (3d Cir. 2008). We recognize that the Eleventh Amendment does not bar suit for prospective injunctive relief against state officials in their official capacities, *see Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011), but Plaintiff does not name any state officials in his complaint, nor does he specify the injunctive relief sought against the state.

Turning to the merits, we note that Plaintiff has made the following claims under the Fourth Amendment: (1) false arrest; (2) false imprisonment; (3) an illegal search; and (4) excessive force.[2] He has also made claims under the Fourteenth Amendment for (1) "selective treatment," and (2) a violation of substantive due process. Finally, he has made a Fifth Amendment claim for a coerced confession.

Plaintiff requests "relief from [his] conviction." (Doc. 1, ECF p. 3). We cannot grant that relief in a civil-rights action. Plaintiff must instead seek relief by way of a petition under 28 U.S.C. § 2254. *See Walke v. Cullen*, 491 F. App'x 273, 276 n.3 (3d Cir. 2012)(nonprecedential). If Plaintiff desires habeas relief, we will permit him to do so by filing in this action a 2254 petition naming the superintendent at SCI-Pittsburgh as the

---

[2] Plaintiff has also made a claim for "false charges," but we think that claim is part of the false arrest claim.

respondent and making specific factual allegations supporting any claim that his conviction or sentence is unconstitutional.³

Plaintiff has no substantive due process claim. "[W]hen government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." *Bergdoll v. City of York*, ___ F. App'x ___, ___, 2013 WL 1010593, at *3 (3d Cir. 2013) (nonprecedential)(quoting *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000)). Here, all the claims are governed by specific constitutional provisions, so Plaintiff's substantive due process claim fails.

Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Plaintiff has no claims for an illegal search, selective treatment (understood as a claim for selective prosecution), and for a coerced confession. We will assume for the purpose of this analysis that a successful challenge to the search of Plaintiff's person that discovered the drugs or to the coerced confession "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372.⁴

---

³ We cannot simply dismiss the request for habeas relief while giving Plaintiff an opportunity to file a separate 2254 petition. We must deal with habeas relief in the context of this action. *See Brown v. City of Philadelphia*, 339 F. App'x 143, 147 (3d Cir. 2009)(nonprecedential)(observing that a district court confronted by a pro se prisoner's request for habeas relief in a civil rights action should address the request and not force the plaintiff to file a separate action).

⁴ Whether a successful constitutional claim would invalidate a conviction or sentence often turns on the facts of each case. *See D'Alfonso v. Carpino*, 352 F. App'x 604, 607-08 (3d Cir. 2009)(nonprecedential); *Large v. Cnty. of Montgomery*, 307 F. App'x 606, 608 (3d Cir. 2009)(nonprecedential). In a different case, we thus might not be applying *Heck* at such an early stage. However, since these claims are also time-barred, as will be shown below, we

-6-

In *Heck*, the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. at 2372 (footnote omitted). *Heck* has been extended to claims for injunctive relief. *See Hess v. Chronister*, 247 F. App'x 377, 380 (3d Cir. 2007)(nonprecedential).

Plaintiff does not allege that his conviction or sentence has been reversed, vacated, or otherwise called into question, and the trial court docket indicates they have not been. *Commonwealth v. Lovejoy*, No. CP-22-CR-246-2002. It follows that *Heck* bars Plaintiff's "selective treatment" claim to the extent he is making a claim for selective prosecution.[5] *See Goodson v. Maggi*, No. 08-CV-44, 2010 WL 1006901, at *3 (W.D. Pa. Feb. 22, 2010)(magistrate judge's report adopted by the district court in 2010 WL 1005024); *Dukes v. Pappas*, No. 09-CV-3869, 2010 WL 571779, at *7 (E.D. Pa. Feb. 17, 2010). *But see Rittenhouse Entertainment, Inc. v. City of Wilks-Barre*, 861 F. Supp. 2d

---

see no reason not to rely on *Heck* as additional support to dismiss these claims, to the extent the claims would indeed invalidate the conviction or sentence.

[5] It is unclear whether Plaintiff is making a selective enforcement claim or a selective prosecution claim. The two causes of action are different. *Dique v. New Jersey State Police*, 603 F.3d 181, 188 n.10 (3d Cir. 2010). He is probably making both.

470, 490-91 (M.D. Pa. 2012)(*Heck* does not bar a selective prosecution claim). *Heck* also bars the claims for an illegal search and for a coerced confession, to the extent these claims, if successful, would invalidate the conviction and sentence. If the drugs or confession were crucial to the conviction, the claims would render the conviction and sentence invalid.

We may raise the statute of limitations sua sponte. *Kent v. Heridia*, 478 F. App'x 721, 723 (3d Cir. 2012)(nonprecedential)("Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no further development of the record is necessary.") In doing so, it appears the remaining claims are untimely. Those claims are: (1) false arrest; (2) false imprisonment; (3) an illegal search, to the extent the illegal search does not invalidate the conviction or sentence; (4) excessive force; (5) a coerced confession, to the extent the coerced confession does not invalidate the conviction or sentence; and (6) selective treatment to the extent Plaintiff is raising a selective enforcement claim against the police officers who arrested him.[6]

The statute of limitations for section 1983 claims arising in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The limitations period

---

[6] At this stage of the proceedngs, we have decided these claims are not barred by *Heck*. *See Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010) (nonprecedential) (*Heck* does not bar false-arrest and false-imprisonment claims); *Sanders v. Downs*, 420 F. App'x 175, 179 (3d Cir. 2011)(nonprecedential)(*Heck* does not bar an illegal search claim); *Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir. 1997)(*Heck* does not bar an excessive force claim); *Washington v. Phila. Police Dep't*, No. 13-CV-897, 2013 WL 1197897, at * 2 (E.D. Pa. Mar. 25, 2013)(*Heck* does not bar a coerced confession claim).

begins to run from the time "when the plaintiff has a complete and present cause of action, [citations omitted], that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007)(brackets added)(internal quotation marks omitted).

For the claims of false arrest, false imprisonment, and selective enforcement, the limitations period would have begun to run no later (and maybe even earlier) than on or about December 19, 2002, the date Plaintiff's trial began because he would certainly have been detained pursuant to legal process by then. *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012)(nonprecedential)(false arrest and false imprisonment); *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010)(selective enforcement). The limitations period for the coerced confession would also have started no later than the time of trial, assuming there was no cognizable injury until the confession was entered at trial. *See Large v. Cnty. of Montgomery*, 307 F. App'x 606, 608 n.2 (3d Cir. 2009)(nonprecedential). The limitations period for the illegal search and excessive force claims would have started to run from on or about December 21 or 22, 2001, the time frame within which these claims occurred. *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012)(nonprecedential)(illegal search); *Large, supra,* 307 F. App'x at 607 (excessive force claim). Since Plaintiff's complaint was filed on June 1, 2012, some nine and one-half to ten and one-half years after the claims accrued, depending on the specific claim, the claims are time-barred as being filed well after the expiration of the two-year statute of limitations.

-9-

In his amended complaint, Plaintiff alleges that the limitations period has been tolled. The statute of limitations can be tolled in certain circumstances. *See Poole v. Marks*, 441 F. App'x 854, 857 (3d Cir. 2011)(nonprecedential). However, Plaintiff has not provided us with any specific reasons why the statute should be tolled or facts that would support tolling. Since we raised the limitations issue sua sponte, we will grant him an opportunity to show that tolling is appropriate here.[7]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 3, 2013

---

[7] There are other problems with the complaint. Plaintiff fails to plead facts with sufficient specificity and does not name specific defendants for each claim. However, we need only address that issue if Plaintiff shows his case was timely.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKY LOVEJOY, :
    Plaintiff :
 :
  vs. : CIVIL NO. 1:CV-12-1037
 :
COMMONWEALTH OF : (Judge Caldwell)
PENNSYLVANIA (state), CITY OF :
HARRISBURG, LOCAL :
GOVERNMENT, :
    Defendants

*O R D E R*

    AND NOW, this 3rd day of June, 2013, upon consideration of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), and his application to proceed in forma pauperis, it is ordered that:

    1. Plaintiff's application (doc. 2) to proceed in forma pauperis is granted.

    2. Defendant, Commonwealth of Pennsylvania, is dismissed on the basis of Eleventh Amendment immunity

    3. Plaintiff's complaint (doc. 1) is hereby dismissed as time-barred.

    4. Plaintiff is granted twenty-one (21) days from the date of this order to file a petition under 28 U.S.C. § 2254 in this case naming the superintendent at SCI-Pittsburgh as the respondent and making specific factual allegations supporting any claim that his conviction or sentence is unconstitutional.

    5. Plaintiff is granted twenty-one (21) days from the date of this order to file a brief raising specific arguments and facts showing that the statute of limitations has been tolled for this action.

6. If Plaintiff fails to comply with paragraph 5 of this order, this action as a civil-rights action, will be dismissed.

<pre>
                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge
</pre>