IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKY LOVEJOY, :
        Plaintiff :
:
  vs. : CIVIL NO. 1:CV-12-1037
:
COMMONWEALTH OF : (Judge Caldwell)
PENNSYLVANIA (state), CITY OF :
HARRISBURG, LOCAL :
GOVERNMENT, :
        Defendants

*M E M O R A N D U M*

The statute of limitations on a civil-rights action can be equitably tolled in three circumstances, *Poole v. Marks*, 441 F. App'x 854, 857 (3d Cir. 2011) (nonprecedential), including that extraordinary circumstances prevented timely filing. *Id.* We are considering whether Plaintiff has shown that the statute of limitations has been equitably tolled for certain of his civil-rights claims.

We provide some background. Proceeding in forma pauperis and pro se, the plaintiff, Ricky Lovejoy, an inmate at SCI-Pittsburgh, filed this 42 U.S.C. § 1983 action alleging several violations of his constitutional rights arising from his arrest and 2002 state convictions on drug-trafficking charges and for using and possessing drug paraphernalia. He made the following claims under the Fourth Amendment: (1) false arrest; (2) false imprisonment; (3) an illegal search; and (4) excessive force. He made claims under the Fourteenth Amendment for (1) "selective treatment," and (2) a violation

of substantive due process. He also made a claim under the Fifth Amendment for a coerced confession.

Upon an initial review of the complaint, we dismissed the "selective treatment" claim (treated as a selective prosecution claim) as barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Lovejoy v. Pennsylvania*, 2013 WL 2392996, at *2 (M.D. Pa. June 3, 2013). We also dismissed under *Heck* the claims for an illegal search and coerced confession, to the extent those claims, if successful, would invalidate the conviction and sentence. *Id.* at *3. We dismissed the remaining claims as barred by the two-year statute of limitations for civil-rights actions in Pennsylvania. *Id.* at *4. Those claims were: (1) false arrest; (2) false imprisonment; (3) an illegal search, to the extent the illegal search does not invalidate the conviction or sentence; (4) excessive force; (5) a coerced confession, to the extent the coerced confession does not invalidate the conviction or sentence; and (6) selective treatment to the extent Plaintiff is raising a selective enforcement claim against the police officers who arrested him. *Id.* We said:

> For the claims of false arrest, false imprisonment, and selective enforcement, the limitations period would have begun to run no later (and maybe even earlier) than on or about December 19, 2002, the date Plaintiff's trial began because he would certainly have been detained pursuant to legal process by then. *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012)(nonprecedential)(false arrest and false imprisonment); *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010)(selective enforcement). The limitations period for the coerced confession would also have started no later than the time of trial, assuming there was no cognizable injury until the confession was entered at trial.

> *See Large v. Cnty. of Montgomery*, 307 F. App'x 606, 608 n.2
> (3d Cir. 2009)(nonprecedential). The limitations period for the
> illegal search and excessive force claims would have started
> to run from on or about December 21 or 22, 2001, the time
> frame within which these claims occurred. *Woodson v.
> Payton*, 503 F. App'x 110, 112 (3d Cir. 2012)
> (nonprecedential)(illegal search); *Large, supra,* 307 F. App'x
> at 607 (excessive force claim). Since Plaintiff's complaint was
> filed on June 1, 2012, some nine and one-half to ten and one-
> half years after the claims accrued, depending on the specific
> claim, the claims are time-barred as being filed well after the
> expiration of the two-year statute of limitations.

*Id.*

Because Plaintiff had alleged the limitations period has been tolled, but did so conclusorily, and because we had raised the issue sua sponte, we granted him an opportunity to provide "any specific reasons why the statute should be tolled or facts that would support tolling." *Id.*[1]

Plaintiff has complied with the order, but has not provided sufficient facts for us to determine if the statute has been tolled. Instead, he has provided vague assertions that tolling is justified because Department of Corrections (DOC) staff at unknown times placed him in restricted housing, confiscated his legal work, restricted his outgoing mail, and intercepted his outgoing and incoming legal mail. He also vaguely complains about the inadequacy of the law library and that evidence had only become available to him after DOC staff had revealed it to him.

---

[1] We also noted other problems with the complaint. Plaintiff failed to plead his claims with sufficient factual specificity and did not name specific defendants for each claim. *Id.*, n.7.

-3-

We will thus require him to file a brief providing us with more detail. As noted above, for the claims of false arrest, false imprisonment, selective enforcement, and coerced confession the limitations period would have begun to run no later than on or about December 19, 2002, so Plaintiff would have had to file on those claims by on or about December 19, 2004. For the claims of illegal search and excessive force, the limitations period would have started to run from on or about December 21 or 22, 2001, so Plaintiff would have had to file on those claims by on or about December 21 or 22, 2003. Thus Plaintiff must show us that extraordinary circumstances prevented him from timely filing his civil-rights lawsuit during each of these time frames. He must specify for each of these periods, as relevant: (1) the legal work that was confiscated, when it was confiscated, and how the confiscation prevented him from filing a timely lawsuit; (2) when his outgoing mail was restricted, how it was restricted, and how the restriction prevented a timely lawsuit; (3) when his outgoing and incoming legal mail was intercepted, how it was intercepted, and how the interception prevented a timely lawsuit; and (4) the prisons in which he was incarcerated, the time periods he spent in each prison, how much time he spent in the RHU at each prison, how the law library was inadequate, and how the inadequacy of the law library prevented him from timely filing. He must also specify: (1) the evidence DOC staff revealed to him, when it was revealed to him, and how he was unable to file a timely lawsuit before the evidence was revealed to him.

Further, since Petitioner must show reasonable diligence, *Poole, supra,* 441 F. App'x at 857 n.8, as well as extraordinary circumstances, he must provide specific

-4-

facts showing that he exercised reasonable diligence in pursuing his claim for the time period from December 19, 2004, the latest date that a statute of limitations expired, through June 1, 2012, the date he filed his civil-rights action.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 18, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKY LOVEJOY, :
    Plaintiff :
 :
  vs. : CIVIL NO. 1:CV-12-1037
 :
COMMONWEALTH OF : (Judge Caldwell)
PENNSYLVANIA (state), CITY OF :
HARRISBURG, LOCAL :
GOVERNMENT, :
    Defendants

*O R D E R*

AND NOW, this 18th day of September, 2013, it is ordered that:

  1. Plaintiff is granted twenty-one (21) days from the date of this order to file a brief making specific factual allegations in conformity with the accompanying memorandum showing that the statute of limitations has been tolled for the claims in this action.

  2. If Plaintiff fails to comply with paragraph 1 of this order, this action will be dismissed.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge